**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BRANDON SAENZ | * | Case No.: 3:26-mc-00014 |
| VS. | * | |
| QUARTERNORTH ENERGY LLC, et al. | * | Underlying Case in the United States District Court for the Southern District of Texas – Houston Division |
| *In Re: Subpoena to Tom Pham* | * | Civil Action No. 4:24-cv-00037 (Honorable Peter Bray) |
| | * | |

# DEFENDANT SAFEWORX SAFETY SOLUTIONS, LLC'S MOTION TO COMPEL COMPLIANCE WITH DEPOSITION SUBPOENA SERVED ON TOM PHAM AND MOTION FOR CIVIL CONTEMPT SANCTIONS

Pursuant to Federal Rule of Civil Procedure 45(g), Defendant Safeworx Safety Solutions, LLC ("Safeworx") files this Motion to Compel Compliance with Deposition Subpoena Served on Tom Pham and Motion for Civil Contempt Sanctions. In support hereof, Safeworx respectfully provides the following Brief in Support.

## I. <u>FACTUAL BACKGROUND</u>

1. This case is pending in the United States District Court for the Southern District of Texas – Houston Division before the Honorable Peter Bray, captioned as *Brandon Saenz v. QuarterNorth Energy LLC, et al.*, Civil Action No. 4:24-cv-00037. Three claimants—Brandon Saenz, Dipsom Dam—have alleged that they were passengers on a fishing boat that was traveling in the Gulf of Mexico when, without warning, the boat unexpectedly collided with an unmarked, unmanned, unlit offshore platform that was owned, operated, maintained, and/or managed by the defendants. As a result, these claimants allege sustaining various injuries. A copy of Plaintiff's Third Amended Complaint is attached as **Exhibit A**.

2. Non-Party Tom Pham was one of five passengers on this fishing boat and is thus a critical witness on both liability and damages issues.

3. This ancillary action and motion arises from Pham's failure to comply with Safeworx's deposition subpoena, served on December 15, 2025, and following extensive efforts by counsel for Safeworx to solicit Pham's voluntary compliance with that subpoena for nearly five months.

4. Counsel for Safeworx first contacted Pham on or about October 23, 2025 to solicit his availability for deposition, email attached as **Exhibit B**, and spoke with Pham again on or about October 29, 2025.

5. Pham provided only one day of availability through the end of the calendar year, on December 16, 2025, a date on which other counsel were not available. He declined to appear voluntarily for his deposition and requested formal service of a subpoena.

6. The parties next coordinated mutual availability on January 28, 2026 for Pham's deposition. Pham agreed that he would be home on November 25, 2025 to accept service of a subpoena ("Pham Subpoena") that commanded his appearance at Cozen O'Connor, 1717 Main Street, Suite 3100, Dallas, TX 75201 on January 28, 2026 at 10 a.m. *See* Declaration of Diligence to Effect Personal Service attached as **Exhibit C**.

7. Shortly before the process server was scheduled to meet with Pham on November 25, 2025, he stopped responding to the process server's communications.

8. Subsequently Pham was properly served at his residence, 2017 Sword Drive, Garland, TX 75044, on December 15, 2025. *See* Certificated of Service filed in the underlying case and attached as **Exhibit D**.

9. To date, Pham has never served objections or responses nor has he filed a motion

to quash the Pham Subpoena.

10. Pham did not appear for his deposition on January 28, 2026. *See* Certificate of Nonappearance of Tom Pham, January 28, 2026, attached hereto as **Exhibit E**.

11. The Court where this action is pending subsequently held a February 5, 2026 conference at which it was ordered that outstanding discovery, including Pham's deposition, be completed by March 31, 2026. *See* Hearing Minutes and Order, attached hereto as **Exhibit F**. Subsequent attempts to contact Pham and solicit availability for his deposition before that time have been unsuccessful. Absent Pham's prompt compliance, Safeworx will be deprived of critical testimony before the new discovery deadline.

## II.
## ARGUMENT & AUTHORITIES

### A. Pham Has Waived Any Objections to the Properly Issued and Served Pham Subpoena.

12. Pursuant to Federal Rule of Civil Procedure 45(a)(2), the Pham Subpoena was properly issued from the Southern District of Texas – Houston Division, which is the court where the underlying action is pending. *See* Fed. R. Civ. P. 45(a)(2) ("Issuing Court. A subpoena must issue from the court where the action is pending.").

13. The facts set forth above establish that Safeworx had Pham personally served with the Pham Subpoena on December 15, 2025, which ensured that Pham had over thirty (30) days before he needed to comply with the subpoena and appear for his January 28, 2026 deposition.

14. The Garland, Texas address at which the Pham Subpoena was served is located less than 20 miles from the Dallas, Texas address at which compliance was sought, consistent with Federal Rule of Civil Procedure 45(c)(1)(A).

15. Pham's failure to either object, answer, or otherwise file a motion to quash the

Pham Subpoena waives any objection he may claim to have because "[a] failure to file objections results in the waiver of the same unless there are unusual circumstances present or good cause is shown." *Perez v. Boecken*, No. SA-19-CV-00375-XR, 2020 WL 2733954, at *3 (W.D. Tex. May 26, 2020) (citing *Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D 39, 43 (N.D. Tex. 2015); Fed. R. Civ. P. 45(d)(2)(B)).

16. Pursuant to Federal Rule of Civil Procedure 45(g), compliance is properly sought in the Northern District of Texas – Dallas Division because compliance with the Pham Subpoena was required in Dallas, Texas.

## B. Pham's Failure to Comply with the Pham Subpoena is a Failure to Comply with a Validly Issued and Served Court Order and Therefore Justifies Imposition of Sanctions or an Order to Show Cause.

17. "[T]he only mechanism under the Federal Rules available" following a third party's failure to either respond, object, or comply with a properly issued, and thereafter served, subpoena is Federal Rule of Civil Procedure 45(g)'s provision that provides "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." *Cypress Property and Casualty Ins. Co. v. Jallad & R Investments, LLC*, Case No. 3:21-cv-1478-L, 2023 WL 2899461, * 3 (N.D. Tex. Mar. 2, 2023), report and recommendation adopted, No. 3:21-CV-1478-L, 2023 WL 2895571 (N.D. Tex. Apr. 10, 2023) (quoting *Traut v. Quantum Servicing, LLC*, No. 3:18-MC-14-D-BN, 2018 WL 1035134, at *9 (N.D. Tex. Feb. 23, 2018)); *MetroPCS v. Thomas*, 327 F.R.D. 600, 608 (N.D. Tex. 2018) ("When a non-party to a lawsuit . . . is served with an overly broad subpoena duces tecum, . . . the non-party has four procedural options. First, it may ignore the subpoena. This is the worst option, almost certain to result in a contempt citation under Rule 45(g) and a finding that all objections have been waived." (cleaned up)).

18. For purposes of Rule 45(g), a subpoena carries the force of a court order, and

Pham has failed to comply with it. *See Cypress Property and Casualty Ins. Co.*, 2023 WL 2899461 at * 4 ("[The Subpoena], for purposes of Rule 45(g), amounts to a court order that required certain conduct by [the subpoenaed third party] by December 6, 2022" (citing *Rose v. Enriquez*, No. CIV.A. SA-13-MC-556, 2013 WL 5934365, at *3 (W.D. Tex. Oct. 31, 2013))).

19. "A party may be held in contempt if he violates a definite and specific court order requiring him to [either] perform or refrain from performing a particular act or acts with knowledge of that order." *Id.* at * 3 (quoting *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987)).

20. "Contempt is characterized as either civil or criminal depending on its 'primary purpose.'" *Id.* (internal quotation marks omitted) (quoting *In re Collier*, 582 F. App'x 419, 522 (5th Cir. 2014)). "A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions." *Id.* (internal quotation marks omitted) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290-91 (5th Cir. 2002)).

21. Civil contempt is warranted when 1) a court order was in effect, 2) the order required certain conduct by the respondent, and 3) the respondent failed to comply with the court's order. *Id.* (internal quotation marks omitted) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). "Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order." *Id.* (citing *Whitfield*, 832 F.2d at 913).

22. "The standard of proof for civil contempt is clear and convincing evidence, which is 'that weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case.'" *Id.* (quoting

*Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995)).[1]

23. As shown above, despite proper service and ample notice, Mr. Pham has neither complied with the subpoena nor sought relief from it.

24. Accordingly, the record establishes by clear and convincing evidence that a valid subpoena—carrying the force of a court order—required Mr. Pham's appearance for deposition, and that, despite proper service and ample notice, he failed to comply without adequate excuse.

## III. CONCLUSION

25. For the foregoing reasons, Defendant Safeworx Safety Solutions, LLC respectfully requests that this Court issue an order requiring Pham to comply with the Pham Subpoena and appear for his deposition on either March 16 or 31, 2026 in accordance with the Southern District of Texas – Houston Division Order that parties complete outstanding discovery by March 31, 2026. In the alternative, Safeworx requests that this Court issue an Order (1) requiring Pham to respond to this Motion and show cause why he should not be held in contempt; or (2) finding that Pham is in contempt of this Court and issuing appropriate sanctions. If a contempt order is issued, Safeworx further requests an award of reasonable attorney's fees and costs incurred as a result of Pham's failure to comply, including the costs of the nonappearance and this Motion.

[1] If a deciding court is "satisfied that the moving party has made a prima facie showing that it issued a valid subpoena[, the court] may then issue an order requiring the nonparty to either comply with the subpoena, seek protection under Rule 45, or respond to the motion and show cause why he or she shouldn't be held in contempt. A chance for explanation is a preferred first step, with a respected treatise on this rule observing, 'The district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance.'" *EB Holdings II Inc. v. Illinois Nat'l Ins. Co.*, No. CV 4:21-MC-02650, 2021 WL 6134783, at *1 (S.D. Tex. Dec. 29, 2021) (quoting Wright & Miller, Federal Practice and Procedure § 2465) (*comparing Jam Industries USA LLC v. Gibson Brands Inc.*, 2020 WL 4003280, *6 (SDNY) (noting that court should first order compliance with subpoena before imposing sanctions); *with Luv N' Care LTD. v. Laurain.*, 2019 WL 4696399, *2 (D. Nev) (holding that court may make contempt determination under Rule 45 without first ordering compliance with subpoena); *Rose v Enriquez*, Case No. SA-13-MC-556-XR, 2013 WL 5934365, *3 (W.D. Tex Oct. 31, 2013) (same))).

**COZEN O'CONNOR**

*/s/ Ryan S. Jones*
Julia Gandara Simonet Attorney-in-Charge
Texas State Bar No. 24093470
Federal Bar No. 3207647
1221 McKinney Street, Ste. 2900
Houston, Texas 77010
Telephone: (832) 214-3941
Facsimile: (832) 214-3905
jsimonet@cozen.com

and

Ryan Jones
Texas State Bar No. 24094343
Federal Bar No. 2996690
1717 Main Street, Ste. 3100
Dallas, TX 75201
Telephone: (214) 462.3000
Facsimile: (214) 462.3299
ryanjones@cozen.com
*Attorneys for Safeworx Safety Solutions, LLC*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served via the Court's CM/ECF to counsel of record in accordance with the Federal Rules of Civil Procedure on February 18, 2026. This document was served on Mr. Pham via his personal email address on the same date.

*/s/ Ryan S. Jones*
Ryan S. Jones

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Safeworx Safety Solutions, LLC attempted to confer with Tom Pham on the issues in this motion on February 5, 2026; February 12, 2026; and February 17, 2026 via telephone and text message. Counsel called Mr. Pham on February 5, 2026 from a different office phone number, and Mr. Pham answered. However, Mr. Pham said that he was busy and could not confer on deposition availability at that time. Mr. Pham has not attempted to further confer and has not answered additional phone calls and texts.

*/s/ Ryan S. Jones*
Ryan S. Jones